**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MICHAEL RAY MITCHEM,

     Petitioner,

v.                                                                    Case No. 5:22-cv-449-WFJ-PRL

WARDEN, FCC COLEMAN – LOW,

     Respondent.

_____/

## ORDER

Before the Court is Michael Ray Mitchem's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Civ. Dkts. 1 & 4).[1] The Warden of Federal Correctional Complex, United States Penitentiary – Low, in Coleman, Florida ("Respondent") has responded with a Motion to Dismiss for failure to exhaust administrative remedies (Civ. Dkt. 8). Upon careful review, the Court dismisses Petitioner's case without prejudice.

## BACKGROUND

In November 2019, the United States District Court for the District of South Carolina sentenced Petitioner to an 80-month term of imprisonment followed by five

---

[1] In this civil case, citations to the civil docket will be denoted as "Civ. Dkt. [document number]." Citations to Petitioner's prior criminal case in the United States Court for the District of South Carolina, *United States v. Mitchem*, Case No. 8:18-cr-1014-DCC, will be denoted as "Cr. Dkt. [document number]."

years of supervised release for taking part in a methamphetamine trafficking conspiracy and operation. Cr. Dkt. 163 at 2, 11; Cr. Dkt. 644 at 1–3. Petitioner's sentence of incarceration commenced on November 6, 2019. Civ. Dkt. 8-1 at 3. Accordingly, with good conduct time credits, the Bureau of Prisons ("BOP") initially projected that Petitioner would be released on December 17, 2024. *Id.*

On October 19, 2022, Petitioner filed the instant Petition. Civ. Dkt. 1. Petitioner filed his Amended Petition on the proper § 2241 form less than one month later. Civ. Dkt. 4. Petitioner claims that "[t]he BOP is withholding [First Step Act] [earned credit time] in violation of due process." *Id.* at 4. Petitioner believes that, with a proper computation of credits as provided for by the First Step Act, he is entitled to "immediate release[.]" *Id.* at 8.

On January 30, 2023, Respondent filed a Motion to Dismiss. Civ. Dkt. 8. Respondent argues that Petitioner has failed to exhaust his administrative remedies by his own admission. *Id.* at 2, 6. In addition, Respondent indicates that, "during the short time that [Petitioner's] petition has been pending, BOP has awarded him with the FSA time credits he requests and updated his release date to December 18, 2023." *Id.* at 2.

## DISCUSSION

A § 2241 petition provides grounds for "attack[ing] the execution, rather than the validity" of a petitioner's sentence. *McCarthan v. Dir. of Goodwill Indus.-*

2

*Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017) (en banc). A petitioner, however, must exhaust available administrative remedies before he may file a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). This requires compliance with the relevant agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e *et seq.*).

Because calculating credits towards an inmate's sentence is an administrative function of the BOP, the BOP's Administrative Remedy Program ("ARP") sets the parameters for exhaustion here. *See* 28 C.F.R. §§ 542.10–542.19. The ARP provides for three levels of review. First, an inmate must file an administrative remedy request with the institution where he is incarcerated. *Id.* § 540.14. Second, if the institution denies the requested remedy, the inmate must file a regional appeal with the office for the geographic region in which the inmate is confined. *Id.* § 542.15. Third, if the regional office denies the requested remedy, an inmate must file a central office administrative remedy appeal to the BOP's Office of General Counsel. *Id.* Only upon receiving a denial from the BOP's Office of General Counsel are an inmate's administrative remedies considered exhausted.

Petitioner has not exhausted his administrative remedies. As Petitioner admits, this is his "first attempt to correct the problem." Civ. Dkt. 4 at 7. Respondent's

attached SENTRY report further confirms this statement. Civ. Dkt. 8-2 at 1. Indeed, there is no record of Petitioner ever filing an administrative remedy request. *Id.*

Petitioner's argument that completing the administrative appeal process would have been futile is unavailing. Civ. Dkt. 1 at 6–8. Petitioner cannot claim that the administrative appeal process would be a "procedural dead-end" requiring too much time where the BOP has already awarded him significant relief during the pendency of this Petition. Civ. Dkt. 8-1 at 4. Petitioner must exhaust his administrative remedies before seeking relief in this Court. *See Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998) (finding that "[r]equiring mandatory exhaustion if a prison has an available administrative grievance procedure is consistent with this Court's longstanding recognition of the usefulness of exhaustion requirements.").

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) This action is dismissed without prejudice for failure to exhaust administrative remedies.

(2) The Clerk is directed to enter judgment for Respondent against Petitioner and Close this case.

(3) Petitioner is denied a Certificate of Appealability, as he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). Petitioner therefore may not proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on April 12, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, Pro Se